**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____     Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | NRG Northeast Generation, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | GenOn Northeast Generation, Inc., RRI Energy Northeast Generation, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | <u>76-0639817</u> |

4. **Debtor's address**

**Principal place of business**

__804 Carnegie Center__
Number            Street

__Princeton, New Jersey 08540__
City                         State    Zip Code

__Mercer County__
County

**Mailing address, if different from principal place of business**

Number            Street

P.O. Box

City                         State    Zip Code

**Location of principal assets, if different from principal place of business**

Number            Street

City                         State    Zip Code

5. **Debtor's website** (URL)     **http://www.nrg.com**

6. **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | **NRG Northeast Generation, Inc.** | Case number *(if known)* | |
|--------|------|----------------|--|
| | Name | | |

**7.   Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2211 (Electric Power Generation, Transmission and Distribution)**

**8.   Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.   Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No

☐  Yes.   District _____  When _____  Case number _____
                                          MM/DD/YYYY

                 District _____  When _____  Case number _____
                                          MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐  No

☒  Yes.   Debtor  **See Rider 1**          Relationship  **Affiliate**

                 District  **Southern District of Texas**

                 Case number, if known _____   When  **6/14/2017**
                                                                    MM / DD / YYYY

Debtor   **NRG Northeast Generation, Inc.**

Name

Case number *(if known)*

---

| 11. Why is the case filed in *this* district? | *Check all that apply:* |
|---|---|
| | ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

|  |  |
|---|---|
| _____ | |
| Number | Street |
| _____ | |
| City | State   Zip Code |

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency _____

        Contact name _____

        Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

| | | |
|---|---|---|
| ☒ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

| | | |
|---|---|---|
| ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

| Debtor | **NRG Northeast Generation, Inc.** | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

---

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☒ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million

- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million

- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **6/14/2017**
                MM/ DD / YYYY

✗   **/s/ Gaëtan C. Frotté**                              **Gaëtan C. Frotté**
    Signature of authorized representative of debtor      Printed name

Title    **Authorized Signatory**

**18. Signature of attorney**

✗   **/s/ Zack A. Clement**          Date    **6/14/2017**
    Signature of attorney for debtor          MM/ DD/YYYY

**Zack A. Clement**
Printed name

**Zack A. Clement PLLC**
Firm name

**3753 Drummond Street**
Number              Street

**Houston**                          **Texas**      **77025**
City                                 State          ZIP Code

**(832) 274-7629**                   **zack.clement@icloud.com**
Contact phone                        Email address

**04361550**                         **Texas**
Bar number                           State

---

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of GenOn Energy, Inc.

| | | |
|---|---|---|
| GenOn Energy, Inc. | NRG California North LLC | NRG Wholesale Generation LP |
| GenOn Americas Generation, LLC | NRG California South GP LLC | NRG Willow Pass LLC |
| GenOn Americas Procurement, Inc. | NRG California South LP | Orion Power New York GP, Inc. |
| GenOn Asset Management, LLC | NRG Canal LLC | Orion Power New York LP, LLC |
| GenOn Capital Inc. | NRG Delta LLC | Orion Power New York, L.P. |
| GenOn Energy Holdings, Inc. | NRG Florida GP, LLC | RRI Energy Broadband, Inc. |
| GenOn Energy Management, LLC | NRG Florida LP | RRI Energy Channelview (Delaware) LLC |
| GenOn Energy Services, LLC | NRG Lovett Development I LLC | RRI Energy Channelview (Texas) LLC |
| GenOn Fund 2001 LLC | NRG Lovett LLC | RRI Energy Channelview LP |
| GenOn Mid-Atlantic Development, LLC | NRG New York LLC | RRI Energy Communications, Inc. |
| GenOn Power Operating Services MidWest, Inc. | NRG North America LLC | RRI Energy Services Channelview LLC |
| GenOn Special Procurement, Inc. | NRG Northeast Generation, Inc. | RRI Energy Services Desert Basin, LLC |
| Hudson Valley Gas Corporation | NRG Northeast Holdings, Inc. | RRI Energy Services, LLC |
| Mirant Asia-Pacific Ventures, LLC | NRG Potrero LLC | RRI Energy Solutions East, LLC |
| Mirant Intellectual Asset Management and Marketing, LLC | NRG Power Generation Assets LLC | RRI Energy Trading Exchange, Inc. |
| Mirant International Investments, Inc. | NRG Power Generation LLC | RRI Energy Ventures, Inc. |
| Mirant New York Services, LLC | NRG Power Midwest GP LLC | |
| Mirant Power Purchase, LLC | NRG Power Midwest LP | |
| Mirant Wrightsville Investments, Inc. | NRG Sabine (Delaware), Inc. | |
| Mirant Wrightsville Management, Inc. | NRG Sabine (Texas), Inc. | |
| MNA Finance Corp. | NRG San Gabriel Power Generation LLC | |
| NRG Americas, Inc. | NRG Tank Farm LLC | |
| NRG Bowline LLC | NRG Wholesale Generation GP LLC | |

## OMNIBUS RESOLUTIONS

June 12, 2017

The undersigned, being the board of directors, board of managers, sole member, general partner, or limited partner,  as applicable (each, the "Governing Body"), of the applicable entity set forth on Annex A attached hereto (each, a "Company" and collectively, the "Companies"), hereby take the following actions and adopt the following resolutions, pursuant to (as applicable) the bylaws, limited liability company agreement, limited partnership agreement or similar document (in each case as amended or amended and restated to date) of each Company (the "Governing Document") and the laws of the state of formation of each Company as set forth next to each Company's name on Annex A:

## CHAPTER 11 FILING

WHEREAS, each Governing Body considered presentations by each Company's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of each Company, the strategic alternatives available to it, and the effect of the foregoing on each Company's business;

WHEREAS, each Governing Body discussed the foregoing with the Management and the Advisors and has determined, in the judgment of each Governing Body, that it is in the best interests of each Company, its creditors, and other parties in interest, and fully considered each of the strategic alternatives available to each Company;

WHEREAS, each Governing Body has determined that it is in the best interest of the Companies, their creditors and other parties in interest for each Governing Body to authorize the Companies to enter into that certain restructuring support agreement (the "Restructuring Support Agreement") by and among each of the Companies, certain of their affiliates, certain consenting creditors, and certain consenting parties substantially in the form presented to each Governing Body on or in advance of the date hereof;

WHEREAS, the chapter 11 plan of reorganization the Companies and their advisors are negotiating with various creditors (the "Plan"), to be effectuated consistent with the Restructuring Support Agreement, contemplates that claims against members of each Governing Body would be released under the Plan, subject to confirmation of the Plan, and on the effective date of such Plan; and

WHEREAS, the members of each Governing Body acknowledge and believe that the Restructuring Support Agreement is procedurally and substantively fair to the Companies as contemplated by applicable law or the Companies' Governing Documents, to the extent applicable.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of each Company, its creditors, and other parties in interest, that each Company shall be and hereby is authorized to file or cause to be filed a voluntary petition

for relief (such voluntary petition, and the voluntary petitions to be filed by certain of each Company's affiliates and direct and indirect subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas or other court of competent jurisdiction (the "Bankruptcy Court"); and

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, General Counsel, President, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of each Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of each Company's business.

## RETENTION OF PROFESSIONALS

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Zack A. Clement PLLC, as each Company's counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of each Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Zack A. Clement PLLC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Rothschild Inc. ("Rothschild"), as each Company's financial advisor and investment banker, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Rothschild in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of McKinsey Recovery & Transformation Services U.S., LLC ("McKinsey RTS"), as restructuring advisor, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain McKinsey RTS in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC ("Epiq"), as notice, claims, and balloting agent and as administrative advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Epiq in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PricewaterhouseCoopers, LLP ("PwC"), as tax advisor to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain PwC in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of King & Spalding ("K&S"), as special regulatory counsel to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain K&S in accordance with applicable law;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist each Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable; and

3

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with each Company's chapter 11 case.

## RESTRUCTURING SUPPORT AGREEMENT, BACKSTOP AGREEMENT, AND PLAN

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Companies into the Restructuring Support Agreement;

RESOLVED, that the Authorized Officers be, and they hereby are, authorized and directed to take or cause to be taken any and all action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable, or desirable to fully carry out the means for implementation of the Plan;

RESOLVED, the Authorized Officers reviewed the materials presented by the management and the financial and legal advisors regarding the agreement with certain of the holders of notes (the "Backstop Parties") to serve as a backstop to a contemplated exit financing offering to be made in connection with the confirmation and consummation of the Plan (the "Backstop Agreement") and the impact of the foregoing on the Companies' businesses;

RESOLVED, in the judgment of the Authorized Officers, it is desirable and in the best interests of the Companies, its creditors, stockholders, and other parties in interest, that the Companies enter into the Backstop Agreement in order to diminish uncertainty and transaction risk in the chapter 11 plan confirmation process;

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to enter on behalf of the Companies into a restructuring transaction or series of restructuring transactions by which the Companies will restructure their debt obligations and other liabilities, including but not limited to the restructuring transactions as described in the Restructuring Support Agreement, Backstop Agreement, and Plan (collectively, the "Restructuring Transactions");

RESOLVED, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized and empowered to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments and other documents in furtherance of the Restructuring Transactions to which the Companies are or will be party, including, but not limited to, the Restructuring Support Agreement and Plan

4

(collectively, the "Restructuring Documents"), to incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Governing Body, with such changes, additions and modifications thereto as the Authorized Officers executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies to take any and all actions to (a) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of the Restructuring Documents in connection with the Restructuring Transactions, and (b) obtain approval by the Bankruptcy Court or any other regulatory or governmental entity of any Restructuring Transactions; and

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Companies, to execute and deliver any documents or to do such other things which shall in their sole judgment be necessary, desirable, proper or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by their execution thereof.

## DEBTOR-IN-POSSESSION LETTER OF CREDIT FACILITY

NOW, THEREFORE, BE IT, RESOLVED, that each of the Companies will obtain benefits and has a need for letters of credit and use of cash, which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Revolving Credit Agreement, dated as of December 14, 2012 (the "Revolving Credit Agreement"), as amended, modified, or supplemented, and in effect immediately prior to June 15, 2017 (the "Petition Date"), among GenOn Energy, Inc., and GenOn Americas, Inc., as borrowers (each a "Borrower" and together, the "Borrowers"), and certain of the Borrowers' subsidiaries as guarantors (collectively, the "Guarantors"), and NRG Energy, Inc., as administrative agent  (the "Agent"), and the lenders that are parties thereto from time to time;

RESOLVED, that in order to use and obtain the benefits of a postpetition senior-secured, revolving letter of credit financing (the "LC Facility") under, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain security interests in and liens, including liens pursuant to section 364(c)(2) of the Bankruptcy Code and if necessary, priming liens pursuant to section 364(d)(1) of the Bankruptcy Code, as documented in a proposed interim order (the "Interim LC Order") and submitted for approval to the Bankruptcy Court;

RESOLVED, that the form, terms, and provisions of the Interim LC Order to which each of the Companies are or will be subject, and the actions and transactions contemplated thereby be, and hereby are authorized, adopted, and approved, and each of the Authorized Officers be, and hereby is, authorized and empowered, in the name of and on behalf of each of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, the Interim LC Order, and such other agreements, certificates, instruments, receipts, petitions, motions, or

other papers or documents to which any of the Companies are or will be a party, including, but not limited to any security or pledge agreement (collectively with the Interim LC Order, the "LC Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to each Governing Body, with such changes, additions, and modifications thereto as the officers of the Companies executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof;

RESOLVED, that each of the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the obligations under the LC Facility and to undertake any and all related transactions on substantially the same terms as contemplated under the LC Documents (collectively, the "LC Transactions");

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each of the Companies to file or to authorize the Agent to file any Uniform Commercial Code (the "UCC") financing statements, any other equivalent filings, any recordation and any necessary assignments for security or other documents in the name of any of the Companies that the Agent deems necessary or appropriate to perfect any lien or security interest granted under the Interim LC Order, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, if necessary, and to execute and deliver, and to record or authorize the recording of, such cash collateral and proceeds thereof any of the Companies;

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each of the Companies to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the LC Transactions and all fees and expenses incurred by or on behalf of any of the Companies in connection with the foregoing resolutions, in accordance with the terms of the LC Documents, which shall in their sole judgment be necessary, proper, or advisable to perform any of the Companies' obligations under or in connection with the Interim LC Order or any of the other LC Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions.

## GENERAL

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions adopted herein;

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Documents of each Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body; and

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Company, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Company, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

*      *      *      *      *

## ANNEX A

| COMPANY | JURISDICTION |
|---|---|
| GenOn Energy, Inc. | Delaware |
| GenOn Americas Procurement, Inc. | Delaware |
| GenOn Asset Management, LLC | Delaware |
| GenOn Capital Inc. | Delaware |
| GenOn Energy Holdings, Inc. | Delaware |
| GenOn Energy Management, LLC | Delaware |
| GenOn Energy Services, LLC | Delaware |
| GenOn Fund 2001 LLC | Delaware |
| GenOn Mid-Atlantic Development, LLC | Delaware |
| GenOn Power Operating Services MidWest, Inc. | Delaware |
| GenOn Special Procurement, Inc. | Delaware |
| Hudson Valley Gas Corporation | New York |
| Mirant Asia-Pacific Ventures, LLC | Delaware |
| Mirant Intellectual Asset Management and Marketing, LLC | Delaware |
| Mirant International Investments, Inc. | Delaware |
| Mirant New York Services, LLC | Delaware |
| Mirant Power Purchase, LLC | Delaware |
| Mirant Wrightsville Investments, Inc. | Delaware |
| Mirant Wrightsville Management, Inc. | Delaware |
| MNA Finance Corp. | Delaware |
| NRG Americas, Inc. | Delaware |
| NRG Bowline LLC | Delaware |
| NRG California North LLC | Delaware |
| NRG California South GP LLC | Delaware |
| NRG California South LP | Delaware |
| NRG Canal LLC | Delaware |
| NRG Delta LLC | Delaware |
| NRG Florida GP, LLC | Delaware |
| NRG Florida LP | Delaware |
| NRG Lovett Development I LLC | Delaware |
| NRG Lovett LLC | Delaware |
| NRG New York LLC | Delaware |
| NRG North America LLC | Delaware |
| NRG Northeast Generation, Inc. | Delaware |
| NRG Northeast Holdings, Inc. | Delaware |
| NRG Potrero LLC | Delaware |
| NRG Power Generation Assets LLC | Delaware |
| NRG Power Generation LLC | Delaware |
| NRG Power Midwest GP LLC | Delaware |
| NRG Power Midwest LP | Delaware |
| NRG Sabine (Delaware), Inc. | Delaware |

| | |
|---|---|
| NRG Sabine (Texas), Inc. | **Delaware** |
| NRG San Gabriel Power Generation LLC | **Delaware** |
| NRG Tank Farm LLC | **Delaware** |
| NRG Wholesale Generation GP LLC | **Delaware** |
| NRG Wholesale Generation LP | **Delaware** |
| NRG Willow Pass LLC | **Delaware** |
| Orion Power New York GP, Inc. | **Delaware** |
| Orion Power New York LP, LLC | **Delaware** |
| Orion Power New York, L.P. | **Delaware** |
| RRI Energy Broadband, Inc. | **Delaware** |
| RRI Energy Channelview (Delaware) LLC | **Delaware** |
| RRI Energy Channelview (Texas) LLC | **Delaware** |
| RRI Energy Channelview LP | **Delaware** |
| RRI Energy Communications, Inc. | **Delaware** |
| RRI Energy Services Channelview, LLC | **Delaware** |
| RRI Energy Services Desert Basin, LLC | **Delaware** |
| RRI Energy Services, LLC | **Delaware** |
| RRI Energy Solutions East, LLC | **Delaware** |
| RRI Energy Trading Exchange, Inc. | **Delaware** |
| RRI Energy Ventures, Inc. | **Delaware** |

IN WITNESS WHEREOF, the undersigned have caused this written consent to be executed as of the date first written above.

GENON ENERGY, INC.,
a Delaware corporation

By: _____
Name: Frederic F. Brace
Title:   Director

By: _____
Name: John Chillemi
Title:  Director

By: _____
Name: Jonathan F. Foster
Title:  Director

By: _____
Name: Gaëtan Frotté
Title:  Director

By: _____
Name: Judith Lagano
Title:  Director

By: _____
Name: Mark A. McFarland
Title:  Director

By: _____
Name: Glen Edwin Mackey
Title:  Director

11

**GENON AMERICAS PROCUREMENT, INC.,**
a Delaware corporation

By: _____
Name: James V. Locher
Title: Director


**GENON ASSET MANAGEMENT, LLC,**
a Delaware limited liability company


By: NRG Power Generation LLC
Its: Sole Member


By: _____
Name: Gaëtan Frotté
Title: Treasurer


**GENON CAPITAL INC.,**
a Delaware corporation


By: _____
Name: Glen Edwin Mackey
Title: Director


**GENON ENERGY HOLDINGS, INC.,**
a Delaware corporation


By: _____
Name: John Chillemi
Title: Director


By: _____
Name: Judith Lagano
Title: Director


By: _____
Name: Glen Edwin Mackey
Title: Director


12

**GENON ENERGY MANAGEMENT, LLC**,
a Delaware limited liability company

By:  NRG North America LLC
Its:  Sole Member

By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

**GENON ENERGY SERVICES, LLC**,
a Delaware limited liability company

By:  NRG Americas, Inc.
Its:  Sole Member

By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

By: _____
Name:  Brian Eric Curci
Title:  Manager

By: _____
Name:  Daniel Keane
Title:  Manager

By: _____
Name:  Jennifer Wallace
Title:  Manager

14

**GENON FUND 2001 LLC,**
a Delaware limited liability company

By: GenOn Capital Inc.
Its:  Sole Member

By: _____
Name: Gaëtan Frotté
Title:  Treasurer

**GENON MID-ATLANTIC
DEVELOPMENT, LLC,**
a Delaware limited liability company

By: NRG Americas, Inc.
Its:  Sole Member

By: _____
Name: Gaëtan Frotté
Title:  Treasurer

**GENON POWER OPERATING SERVICES
MIDWEST, INC.,**
a Delaware corporation

By: _____
Name: Judith Lagano
Title:  Director

**GENON SPECIAL PROCUREMENT, INC.,**
a Delaware corporation

By: _____
Name: James V. Locher
Title:  Director

15

**HUDSON VALLEY GAS CORPORATION,**
a New York corporation

By: _____
Name: Judith Lagano
Title: Director


**MIRANT ASIA-PACIFIC VENTURES, LLC**,
a Delaware limited liability company

By: Mirant International Investments, Inc.
Its: Sole Member

By: _____
Name: Gaëtan Frotté
Title: Treasurer


**MIRANT INTELLECTUAL ASSET
MANAGEMENT AND MARKETING, LLC,**
a Delaware limited liability company

By: GenOn Energy Holdings, Inc.
Its: Sole Member

By: _____
Name: Gaëtan Frotté
Title: Treasurer


**MIRANT INTERNATIONAL INVESTMENTS,
INC.,**
a Delaware corporation

By: _____
Name: Glen Edwin Mackey
Title: Director


16

**MIRANT NEW YORK SERVICES, LLC,**
a Delaware limited liability company


By:  NRG Americas, Inc.
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


**MIRANT POWER PURCHASE, LLC,**
a Delaware limited liability company


By:  NRG Americas, Inc.
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


**MIRANT WRIGHTSVILLE INVESTMENTS,
INC.,**
a Delaware corporation

By: _____
Name:  Judith Lagano
Title:  Director


**MIRANT WRIGHTSVILLE MANAGEMENT,
INC.,**
a Delaware corporation


By: _____
Name:  Judith Lagano
Title:  Director


17

**MNA FINANCE CORP.,**
a Delaware corporation

By: _____
Name: Glen Edwin Mackey
Title:  Director

**NRG AMERICAS, INC.,**
a Delaware corporation

By: _____
Name: John Chillemi
Title:  Director

By: _____
Name: Judith Lagano
Title:  Director

By: _____
Name: Glen Edwin Mackey
Title:  Director

**NRG BOWLINE LLC,**
a Delaware corporation

By: NRG New York LLC
Its:  Sole Member

By: _____
Name: Gaëtan Frotté
Title:  Treasurer

18

**NRG CALIFORNIA NORTH LLC,**
a Delaware limited liability company


By:  NRG North America LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

**NRG CALIFORNIA SOUTH GP LLC,**
a Delaware limited liability company


By:  NRG Power Generation Assets LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

**NRG CALIFORNIA SOUTH LP,**
a Delaware limited partnership


By:  NRG California South GP LLC
Its:  General Partner


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


By:  NRG Power Generation Assets LLC
Its:  Limited Partner


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

19

**NRG CANAL LLC,**
a Delaware limited liability company


By:  NRG North America LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


**NRG DELTA LLC,**
a Delaware limited liability company


By:  NRG California North LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


**NRG FLORIDA GP, LLC,**
a Delaware limited liability company


By:  NRG Power Generation Assets LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

**NRG FLORIDA LP,**
a Delaware limited partnership


By:  NRG Florida GP, LLC
Its:  General Partner


By: _____
Name: Gaëtan Frotté
Title:  Treasurer


By:  NRG Power Generation Assets LLC
Its:  Limited Partner


By: _____
Name: Gaëtan Frotté
Title:  Treasurer


**NRG LOVETT DEVELOPMENT I LLC,**
a Delaware limited liability company


By:  NRG New York LLC
Its:  Sole Member


By: _____
Name: Gaëtan Frotté
Title:  Treasurer


**NRG LOVETT LLC,**
a Delaware limited liability company


By:  NRG New York LLC
Its:  Sole Member


By: _____
Name: Gaëtan Frotté
Title:  Treasurer


21

**NRG NEW YORK LLC,**
a Delaware limited liability company

By:  NRG North America LLC
Its:  Sole Member

By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

**NRG NORTH AMERICA LLC,**
a Delaware limited liability company

By:  GenOn Americas Generation, LLC
Its:  Sole Member

By: _____
Name:  Gaëtan Frotté
Title:  Treasurer

**NRG NORTHEAST GENERATION, INC.,**
a Delaware corporation

By: _____
Name: John Chillemi
Title:  Director

By: _____
Name: Judith Lagano
Title:  Director

By: _____
Name: Glen Edwin Mackey
Title:  Director

22

**NRG NORTHEAST HOLDINGS, INC.,**
a Delaware corporation

By: _____
Name: John Chillemi
Title:   Director

By: _____
Name: Judith Lagano
Title:   Director

By: _____
Name: Glen Edwin Mackey
Title:   Director


**NRG POTRERO LLC,**
a Delaware limited liability company


By:  NRG California North LLC
Its:  Sole Member


By: _____
Name: Gaëtan Frotte
Title:   Treasurer


**NRG POWER GENERATION ASSETS LLC,**
a Delaware limited liability company


By:  NRG Power Generation LLC
Its:  Sole Member


By: _____
Name: Gaëtan Frotte
Title:   Treasurer

**NRG POWER GENERATION LLC,**
a Delaware limited liability company

By: NRG Americas, Inc.
Its:  Sole Member

By: _____
Name: Gaëtan Frotte
Title:  Treasurer

**NRG POWER MIDWEST GP LLC,**
a Delaware limited liability company

By: NRG Power Generation Assets LLC
Its:  Sole Member

By: _____
Name: Gaëtan Frotte
Title:  Treasurer

**NRG POWER MIDWEST LP,**
a Delaware limited partnership

By: NRG Power Midwest GP LLC
Its:  General Partner

By: _____
Name: Gaëtan Frotte
Title:  Treasurer

By: NRG Power Generation Assets LLC
Its:  Limited Partner

By: _____
Name: Gaëtan Frotte
Title:  Treasurer

24

**NRG SABINE (DELAWARE), INC.,**
a Delaware corporation

By: _____
Name: Judith Lagano
Title: Director

**NRG SABINE (TEXAS), INC.,**
a Delaware corporation

By: _____
Name: Judith Lagano
Title: Director

**NRG SAN GABRIEL POWER GENERATION LLC,**
a Delaware limited liability company

By: NRG California South LP
Its: Sole Member

By: NRG California South GP LLC
Its: General Partner

By: _____
Name: Gaëtan Frotté
Title: Treasurer

**NRG TANK FARM LLC,**
a Delaware limited liability company

By: NRG Americas, Inc.
Its: Sole Member

By: _____
Name: Gaëtan Frotté
Title: Treasurer

25

**NRG WHOLESALE GENERATION GP LLC,**
a Delaware limited liability company

By: NRG Power Generation LLC
Its: Sole Member

By: _____
Name: Gaëtan Frotté
Title: Treasurer


**NRG WHOLESALE GENERATION LP,**
a Delaware limited partnership


By: NRG Wholesale Generation GP LLC
Its: General Partner


By: _____
Name: Gaëtan Frotté
Title: Treasurer


By: NRG Power Generation Assets LLC
Its: Limited Partner


By: _____
Name: Gaëtan Frotté
Title: Treasurer


**NRG WILLOW PASS LLC,**
a Delaware limited liability company


By: NRG Americas, Inc.
Its: Sole Member


By: _____
Name: Gaëtan Frotté
Title: Treasurer


26

**ORION POWER NEW YORK GP, INC.,**
a Delaware limited liability company

By: _____
Name: Judith Lagano
Title:  Director

**ORION POWER NEW YORK LP, LLC,**
a Delaware limited liability company

By: NRG Power Generation LLC
Its:  Sole Member

By: _____
Name: Gaëtan Frotté
Title:  Treasurer

**ORION POWER NEW YORK, L.P.,**
a Delaware limited partnership

By: Orion Power New York GP, Inc.
Its:  General Partner

By: _____
Name: Gaëtan Frotté
Title:  Treasurer

By: Orion Power New York LP, LLC
Its:  Limited Partner

By: _____
Name: Gaëtan Frotté
Title:  Treasurer

27

**RRI ENERGY BROADBAND, INC.,**
a Delaware corporation

By: _____
Name: Glen Edwin Mackey
Title:   Director

**RRI ENERGY CHANNELVIEW
(DELAWARE) LLC,**
a Delaware limited liability company

By:  NRG Power Generation LLC
Its:  Sole Member

By: _____
Name: Gaëtan Frotté
Title:   Treasurer

**RRI ENERGY CHANNELVIEW (TEXAS)
LLC,**
a Delaware limited liability company

By:  NRG Power Generation LLC
Its:  Sole Member

By: _____
Name: Gaëtan Frotté
Title:   Treasurer

28

**RRI ENERGY CHANNELVIEW LP,**
a Delaware limited partnership


By:  RRI Energy Channelview (Texas) LLC
Its:  General Partner


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


By:  RRI Energy Channelview (Delaware) LLC
Its:  Limited Partner


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


**RRI ENERGY COMMUNICATIONS, INC.,**
a Delaware corporation


By: _____
Name:  Glen Edwin Mackey
Title:  Director


**RRI ENERGY SERVICES**
**CHANNELVIEW LLC,**
a Delaware limited liability company


By:  RRI Energy Services, LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:  Treasurer


29

**RRI ENERGY SERVICES DESERT BASIN, LLC,**
a Delaware limited liability company


By:  RRI Energy Services, LLC
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:   Treasurer


**RRI ENERGY SERVICES, LLC,**
a Delaware limited liability company


By:  NRG Americas, Inc.
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:   Treasurer

By: _____
Name:  Christopher S. Moser
Title:   Manager


**RRI ENERGY SOLUTIONS EAST, LLC,**
a Delaware limited liability company


By:  GenOn Energy, Inc.
Its:  Sole Member


By: _____
Name:  Gaëtan Frotté
Title:   Treasurer


30

**RRI ENERGY TRADING EXCHANGE, INC.,**
a Delaware corporation

By: _____

Name: Glen Edwin Mackey

Title:   Director

**RRI ENERGY VENTURES, INC.,**
a Delaware corporation

By: _____

Name: Glen Edwin Mackey

Title:   Director

**Fill in this information to identify the case:**

Debtor name     GenOn Energy, Inc., *et al.*

United States Bankruptcy Court for the:     Southern District of Texas

Case number *(If known)*: _____ (State)

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | WILMINGTON TRUST CO, AS INDENTURE TTEE RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON DE 19890 | NAME: CORPORATE CAPITAL MARKETS FAX: 302-636-4145 | 7.875% SENIOR NOTES DUE 2017 | | | | $691,000,000.00 |
| 2 | WILMINGTON TRUST CO, AS INDENTURE TTEE RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON DE 19890 | NAME: CORPORATE CAPITAL MARKETS FAX: 302-636-4145 | 9.500% SENIOR NOTES DUE 2018 | | | | $649,000,000.00 |
| 3 | WILMINGTON TRUST CO, AS INDENTURE TTEE RODNEY SQUARE NORTH 1100 NORTH MARKET STREET WILMINGTON DE 19890 | NAME: CORPORATE CAPITAL MARKETS FAX: 302-636-4145 | 9.875% SENIOR NOTES DUE 2020 | | | | $490,000,000.00 |
| 4 | WILMINGTON SAVINGS FUND SOCIETY, FSB AS SUCCESSOR INDENTURE TRUSTEE 500 DELAWARE AVENUE WILMINGTON DE 19801 | NAME: PATRICK HEALY FAX: 302-421-9137 EMAIL: PHEALY@WSFSBANK.COM | 8.500% SENIOR NOTES DUE 2021 | | | | $366,000,000.00 |
| 5 | WILMINGTON SAVINGS FUND SOCIETY, FSB AS SUCCESSOR INDENTURE TRUSTEE 500 DELAWARE AVENUE WILMINGTON DE 19801 | NAME: PATRICK HEALY FAX: 302-421-9137 EMAIL: PHEALY@WSFSBANK.COM | 9.125% SENIOR NOTES DUE 2031 | | | | $329,000,000.00 |
| 6 | COMMONWEALTH OF PENNSYLVANIA 2103 RESEARCH FOREST DRIVE THE WOODLANDS TX 77380 | NAME: GENERAL COUNSEL FAX: 717-787-2500 | TAX LIABILITY | DISPUTED | | | $24,649,118.00 |
| 7 | ALSTOM POWER INC 200 GREAT POND DRIVE WINDSOR CT 06095-1556 | NAME: GENERAL COUNSEL PHONE: 860-688-1911 FAX: 860-285-9611 | TRADE DEBT | | | | $1,098,939.31 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
|---|---|---|---|---|---|---|---|
| 8 | AMERICAN INTEGRATED SERVICES INC 1502 E OPP STREET WILMINGTON CA 90744 | NAME: GENERAL COUNSEL PHONE: 310-522-1168 FAX: 310-522-0474 EMAIL: MBORREGO@AMERICANINTEGR ATED.COM | TRADE DEBT | | | | $1,057,558.19 |
| 9 | FRESH MEADOW POWER LLC 6501 FRESH MEADOW LANE FRESH MEADOWS NY 11365-2011 | NAME: GENERAL COUNSEL PHONE: 718-961-6634 FAX: 718-358-9507 | TRADE DEBT | | | | $935,036.78 |
| 10 | UNION PACIFIC RAILROAD COMPANY 1400 DOUGLAS STREET STOP 1720 OMAHA NE 68179-1720 | NAME: GENERAL COUNSEL PHONE: 402-544-5000 EMAIL:  AWSCHROD@UP.COM | TRADE DEBT | | | | $525,156.35 |
| 11 | BURNHAM INDUSTRIAL CONTRACTORS INC 3229 BABCOCK BLVD PITTSBURGH PA 15237-2825 | NAME: GENERAL COUNSEL PHONE: 412-366-6622 FAX: 412-366-7540 EMAIL: KATHY@BINSUL.COM | TRADE DEBT | | | | $519,589.17 |
| 12 | BRAND ENERGY SERVICES LLC BRAND ENERGY & INFRASTRUCTURE HOLDINGS 3 MARK RD KENILWORTH  NJ 07033-1051 | NAME: GENERAL COUNSEL PHONE: 908-686-8099 FAX: 908-686-4776 EMAIL: MAXWELL.BOUCHER@BEIS.COM | TRADE DEBT | | | | $509,992.50 |
| 13 | GENERAL ELECTRIC 4200 WILDWOOD PARKWAY ATLANTA GA 30339-8402 | NAME: GENERAL COUNSEL PHONE: 800-443-3278 FAX: 678-844-6858 | TRADE DEBT | | | | $486,300.65 |
| 14 | DUCERA PARTNERS LLC 499 PARK AVE 16TH FL NEW YORK NY 10022-1240 | NAME: MICHAEL A. KRAMER PHONE: 212-671-9700 EMAIL: MKRAMER@DUCERAPARTNERS.C OM | TRADE DEBT | | | | $363,444.17 |
| 15 | THIELSCH ENGINEERING INC 195 FRANCES AVE CRANSTON RI 02910-2211 | NAME: GENERAL COUNSEL PHONE: 401-467-6454 FAX: 401-461-6006 | TRADE DEBT | | | | $212,050.00 |
| 16 | SOUTHERN CALIFORNIA EDISON PO BOX 800 ROSEMEAD CA 91771-0001 | NAME: GENERAL COUNSEL PHONE: 626-302-3286 FAX: 626-302-3254 | TRADE DEBT | | | | $205,140.08 |
| 17 | DRA TAGGART LLC 4000 TOWN CENTER BOULEVARD STE 200 CANONSBURG PA 15317-5837 | NAME: GENERAL COUNSEL PHONE: 724-754-9800 FAX: 724-754-9801 | TRADE DEBT | | | | $197,132.89 |
| 18 | STEVENS ENGINEERS & CONSTRUCTORS INC 7850 FREEWAY CR STE 100 MIDDLEBURG HEIGHTS OH 44130-6317 | NAME: GENERAL COUNSEL PHONE: 440-234-7888 FAX: 724-873-0937 EMAIL: TDELUCA@STEVENSEC.COM | TRADE DEBT | | | | $196,370.52 |
| 19 | HAMON RESEARCH COTTRELL INC 58 EAST MAIN STREET SOMERVILLE NJ 08876 | NAME: GENERAL COUNSEL PHONE: 908-685-4000 FAX: 908-333-2154 EMAIL: ANTHONY.COLON@HAMONUSA. COM | TRADE DEBT | | | | $166,376.00 |
| 20 | JS INTERNATIONAL SOLUTIONS INC 1430 CATHARINE ST PHILADELPHIA PA 19146-2206 | NAME: GENERAL COUNSEL PHONE: 267-266-2979 FAX: 267-285-1190 | TRADE DEBT | | | | $122,254.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 21 | SARGENT ELECTRIC COMPANY 2767 LIBERTY AVENUE PITTSBURGH PA 15222 | NAME: GENERAL COUNSEL PHONE: 412-394-7526 FAX: 412-394-7555 | TRADE DEBT | | | | $116,847.24 |
| 22 | US SECURITY ASSOCIATES INC 200 MANSELL COURT, FIFTH FL ROSWELL GA 30076 | NAME: GENERAL COUNSEL PHONE: 770-625-1429 FAX: 770-625-1457 EMAIL: DCASH@USSECURITYASSOCIATES .COM | TRADE DEBT | | | | $103,996.23 |
| 23 | MALARK LOGISTICS INC 9100 85TH AVE N BROOKLYN PARK MN 55445 | NAME: GENERAL COUNSEL PHONE: 763-428-3564 FAX: 763-428-7361 EMAIL: INFO@MALARK.COM | TRADE DEBT | | | | $103,721.16 |
| 24 | PIC GROUP INC 1000 PARKWOOD CIRCLE, SUITE 1000 ATLANTA GA 30339 | NAME: GENERAL COUNSEL PHONE: 770-850-0100 FAX: 770-850-2200 EMAIL: AR@PICWORLD.COM | TRADE DEBT | | | | $90,171.45 |
| 25 | CB&I ENVIRONMENTAL & INFRASTRUCTURE 2103 RESEARCH FOREST DRIVE THE WOODLANDS TX 77380 | NAME: GENERAL COUNSEL PHONE: 832-513-1000 FAX: 617-589-5495 EMAIL: JENNIFER.RAULF@CBI.COM | TRADE DEBT | | | | $82,323.38 |
| 26 | VALMET INC 2425 COMMERCE AVENUE, SUITE 100 DULUTH GA 30096 | NAME: GENERAL COUNSEL PHONE: 514-908-7069 EMAIL: JOHN.POLIAFICO@VALMET.COM | TRADE DEBT | | | | $77,762.40 |
| 27 | HYDROCHEM LLC 900 GEORGIA AVENUE DEER PARK TX 77536 | NAME: GENERAL COUNSEL PHONE: 713-393-5600/800-932-5326 FAX: 713-393-5951 EMAIL: INFO@HYDROCHEM.COM | TRADE DEBT | | | | $77,267.23 |
| 28 | MPW INDUSTRIAL WATER SERVICES INC 9711 LANCASTER ROAD SE HEBRON OH 43025 | NAME: GENERAL COUNSEL PHONE: 800-827-8790 FAX: 740-929-1614 | TRADE DEBT | | | | $72,808.52 |
| 29 | TRANSGLOBAL ENERGY INC 2450 ATLANTA HIGHWAY SUITE 501 CUMMING GA 30040-1254 | NAME: GENERAL COUNSEL PHONE: 678-455-0365 X-2 FAX: 770-844-2000 | TRADE DEBT | | | | $69,166.05 |
| 30 | IRWIN INDUSTRIES INC 1580 W CARSON STREET LONG BEACH CA 90810 | NAME: GENERAL COUNSEL PHONE: 310-233-3000 FAX: 310-834-9402 EMAIL: ACCOUNTSRECEIVABLE@IRWINI NDUSTRIES.COM | TRADE DEBT | | | | $65,461.92 |
| 31 | DION & SONS INC 1543 WEST 16TH STREET LONG BEACH CA 90813-1210 | NAME: GENERAL COUNSEL PHONE: 888-424-3466 FAX: 562-432-7969 | TRADE DEBT | | | | $61,216.49 |
| 32 | ABB INC 3010 BRIAR PARK DRIVE HOUSTON TX 77042 | NAME: GENERAL COUNSEL PHONE: 713-587-8138 FAX: 713-266-4306 EMAIL: US.SASACCTREC@US.ABB.COM | TRADE DEBT | | | | $60,180.99 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 33 | ENVIRONEX INC 1 GREAT VALLEY PARKWAY STE 4 MALVERN PA 19355-1423 | NAME: GENERAL COUNSEL PHONE: 484-320-8608 FAX: 484-320-8639 | TRADE DEBT | | | | $58,600.00 |
| 34 | PETROCHEM INSULATION INC 2300 CLAYTON RD STE 1050 CONCORD CA 94520-2100 | NAME: GENERAL COUNSEL PHONE: 707-558-3915 EMAIL: BRIAN.BENSON@PETROCHEMINC.COM | TRADE DEBT | | | | $57,775.74 |
| 35 | HAAS GROUP INTERNATIONAL LLC 1475 PHOENIXVILLE PIKE STE 101 WEST CHESTER PA 19380-1437 | NAME: GENERAL COUNSEL PHONE: 484-323-8600 FAX: 484-564-4536 | TRADE DEBT | | | | $56,737.04 |
| 36 | SCHMIDT INDUSTRIES 3290 PATTERSON RD BAY CITY MI 48706-1847 | NAME: GENERAL COUNSEL PHONE: 989-684-3216 FAX: 989-684-3228 | TRADE DEBT | | | | $55,792.00 |
| 37 | PERRECA ELECTRIC COMPANY INC 520 BROADWAY NEWBURGH NY 12550 | NAME: GENERAL COUNSEL PHONE: 845-562-4080 FAX: 845-562-0801 | TRADE DEBT | | | | $54,364.62 |
| 38 | CONTRA COSTA HEALTH SERVICES 50 DOUGLAS DRIVE #320C MARTINEZ CA 94553-4003 | NAME: GENERAL COUNSEL PHONE: 925-927-5521 FAX: 925-313-6721 | TRADE DEBT | | | | $54,331.00 |
| 39 | MURRAY AMERICAN RIVER TOWING INC 46226 NATIONAL ROAD SAINT CLAIRSVILLE OH 43950-8742 | NAME: GENERAL COUNSEL PHONE: 740-338-3100 FAX: 740-338-3414 | TRADE DEBT | | | | $54,284.45 |
| 40 | TP AUTOMATION LLC 3252 STATE ROUTE 31 ACME PA 15610-2405 | NAME: GENERAL COUNSEL PHONE: 724-593-7046 FAX: (724) 593-6364 EMAIL: BECKYK@TPELECTRIC.NET | TRADE DEBT | | | | $49,611.89 |
| 41 | FLORIDA GAS TRANSMISSION COMPANY LL 1300 MAIN ST HOUSTON TX 77002 | NAME: GENERAL COUNSEL PHONE: 713-989-7000 FAX: 713-989-1158 | TRADE DEBT | | | | $46,500.00 |
| 42 | ENVIRONMENTAL SYSTEMS CORPORATION 10801 N MOPAC EXPY BLDG 1, SUITE 200 AUSTIN TX 78759 | NAME: GENERAL COUNSEL PHONE: 512-250-7900 FAX: 512-258-5836 | TRADE DEBT | | | | $42,696.00 |
| 43 | CONTROL ASSOCIATES INC 20 COMMERCE DRIVE ALLENDALE NJ 07401-1638 | NAME: GENERAL COUNSEL PHONE: 201-934-9200 FAX: 201-934-9262 EMAIL: STEPHAN.DIPILATO@CONTROL-ASSOCIATES.COM | TRADE DEBT | | | | $40,375.00 |
| 44 | JOE BAUMGARDNER SAFETY CONSULTING I 3633 ASHLAND DR BETHEL PARK PA 15102 | NAME: GENERAL COUNSEL PHONE: 412-600-4641 EMAIL: JOE@JOESAFETY.COM | TRADE DEBT | | | | $37,156.00 |
| 45 | TOTAL WESTERN INC 8049 SOMERSET BLVD PARAMOUNT CA 90723-4396 | NAME: GENERAL COUNSEL PHONE: 562-220-1450 FAX: 562-630-7772 | TRADE DEBT | | | | $36,883.51 |
| 46 | SYSTEM ONE 12 FEDERAL STREET SUITE 205 PITTSBURGH PA 15212 | NAME: GENERAL COUNSEL PHONE: 724-275-9970/412-995-1900 FAX: 412-995-1901 | TRADE DEBT | | | | $35,652.50 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 47 | GAS UNLIMITED INC 2277 PLAZA DRIVE, SUITE 270 SUGARLAND TX 77479 | NAME: GENERAL COUNSEL PHONE: 281-295-5732 FAX: 303-558-3887 EMAIL: BETH.LYNCH@GASUNLIM.COM | TRADE DEBT | | | | $34,932.39 |
| 48 | GRAYBAR ELECTRIC COMPANY INC 12753 COLLECTIONS CTR DR CHICAGO IL 60693-2753 | NAME: GENERAL COUNSEL PHONE: 314-573-5200 EMAIL: BELRIDGE.NARG@GRAYBAR.COM | TRADE DEBT | | | | $34,579.11 |
| 49 | OCS INDUSTRIES INC 33 FINI DRIVE MIDDLETOWN NY 10941-4006 | NAME: GENERAL COUNSEL PHONE: 845-692-8450 FAX: 845-692-8461 | TRADE DEBT | | | | $34,318.61 |
| 50 | ARCO ENTERPRISES INC 1125 GARDEN ST GREENSBURG PA 15601-9167 | NAME: GENERAL COUNSEL PHONE: 724-836-2222 FAX: 724-836-0809 | TRADE DEBT | | | | $33,493.00 |

███████████████████████████████████████

Fill in this information to identify the case and this filing:

Debtor Name **GenOn Energy, Inc.,** *et al.*

United States Bankruptcy Court for the: Southern District of Texas
(State)

Case number (If known):

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

███  **Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☒   *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

☒ */s/ Gaëtan C. Frotté*

**6/14/2017**
MM/ DD/YYYY            Signature of individual signing on behalf of debtor

**Gaëtan C. Frotté**
Printed name

**Authorized Signatory**
Position or relationship to debtor

Official Form 202            **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NRG NORTHEAST GENERATION, INC., | ) | Case No. 17-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| NRG Northeast Generation, Inc. | NRG Northeast Holdings, Inc. | 804 Carnegie Center Princeton, New Jersey 08540 | 100% |

---

[1]   This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of the date of commencement of the chapter 11 case.

Fill in this information to identify the case and this filing:

Debtor Name     **NRG Northeast Generation, Inc.**

United States Bankruptcy Court for the:     Southern District of Texas

                                                                           (State)

Case number (If known):

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration _____ List of Equity Security Holders _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

**6/14/2017**                    ☒ **/s/ *Gaëtan C. Frotté***

MM/ DD/YYYY                    Signature of individual signing on behalf of debtor

                                       **Gaëtan C. Frotté**

                                       Printed name

                                       **Authorized Signatory**

                                       Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NRG NORTHEAST GENERATION, INC., | ) | Case No. 17-_____(____) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| NRG Northeast Holdings, Inc. | 100% |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **NRG Northeast Generation, Inc.** |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____    Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **6/14/2017** | ☒ */s/ Gaëtan C. Frotté* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Gaëtan C. Frotté** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors